CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
FEB 07 2011
JULIA A. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WANDA MAE STILWELL, | ) | CASE NO. 7:10CV00088 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner, and his successors, Social Security Administration, | ) ) ) | |
| Defendant. | ) ) ) | By: B. Waugh Crigler U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's March 16, 2006 protectively-filed application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision issued on September 26, 2007, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since July 17, 2005, her alleged disability onset date, and that she remained insured through December 31, 2010. (R. 19.) The Law Judge determined plaintiff suffered the following severe impairments: degenerative disc disease of the cervical spine, status post diskectomy, obstructive lung disease, sleep

problems, diabetes mellitus, restless leg syndrome, and a history of left knee problems. (*Id.*) The Law Judge further determined that plaintiff did not have an impairment or combination of impairments which met or equaled a listed impairment. (R. 21.) While she acknowledged that plaintiff's medically determinable impairments reasonably could be expected to produce the alleged symptoms, the Law Judge found plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms to be "not entirely credible." (R. 24.) The Law Judge was of the belief that plaintiff retained the residual functional capacity ("RFC") to perform light work consisting of lifting and/or carrying twenty pounds occasionally and ten pounds frequently, standing and/or walking six out of eight hours, sitting six hours, occasionally climbing and reaching overhead in a work environment that does not require exposure to hazardous machinery, unprotected heights, or climbing of ladders, ropes, or scaffolds. (R. 23.) The Law Judge found that this RFC precluded plaintiff from performing her past relevant work, but that other jobs exist in substantial numbers in the national economy that she could perform. (R. 25-26.) Ultimately, the Law Judge found plaintiff was not disabled. (R. 27.)

Plaintiff appealed the Law Judge's September 26, 2007 decision to the Appeals Council. (R. 6-8.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 6.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in

the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff notes that when she filed the action in this court, she also submitted a new claim alleging September 27, 2007 as the onset date. (Pl's Brief, p. 3.) The Social Security Administration then granted her benefits effective October 1, 2008 on what plaintiff contends was the same evidence as in the record here, including an assessment of her work-related abilities completed by her treating doctor. (Pl's Brief, pp. 3-4.) Plaintiff attempts to capture here the notion that it is inconceivable to think that the same functional limitations which would qualify her for benefits on one day would not have qualified her just shortly before. *See Lively v. Secretary of Health and Human Services*, 820 F. 2d 1391 (4th Cir. 1987). Citing *Borders v. Heckler*, 777 F. 2d 954 (4th Cir. 1985) and *Reichard v. Barnhart*, 285 F.Supp. 2d 728 (S.D.W.Va. 2003), plaintiff contends that the award of benefits in her subsequent application constitutes new and material evidence warranting remand under sentence six of 42 U.S.C. § 405(g). (Pl's Brief, p. 4.)

A reviewing court can a remand the case to the Commissioner under sentence six of 42 U.S.C. § 405(g) if the claimant establishes that the new evidence "is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir.1991).

3

The fundamental flaw in plaintiff's argument is that the March 24, 2010 decision granted benefits effective October 1, 2008, an onset date of more than one year after the alleged date benefits were denied here. This factor distinguishes this case from *Lively*, likens it to *Albright v. Commissioner of Social Sec. Admin.*, 174 F.3d 473 (4th Cir. 1999), and makes it conceivable that plaintiff's condition worsened over that period of time. In sum, the March 24, 2010 subsequent decision does not present new and material evidence constituting good cause to remand.

Next, plaintiff argues that the Law Judge failed to accord proper weight to what she characterizes as the uncontroverted evidence from her primary treating source, Ken Pendergrast, M.D. (Pl's Brief, pp. 5-11.) Plaintiff, therefore, asserts that the Law Judge erred by affording controlling weight to John Allen Wilson, M.D. and the State agency record reviewing physician, instead. (*Id.*)

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005)).

It is a well-established general principle that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). Yet, when that physician's opinion is not supported by the objective medical evidence or is inconsistent with

4

other substantial evidence, it may be given "significantly less weight." *Craig,* 76 F.3d at 590. Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson,* 434 F.3d at 653; *Craig,* 76 F.3d at 589.

The Law Judge recognized that Dr. Pendergrast was plaintiff's primary treating source and had a longitudinal view of plaintiff's care. (R. 25.) However, she was of the view that Dr. Pendergrast's assessment of plaintiff's work-related abilities was entitled to "little weight" because it was not consistent with, and not well supported by, the evidence as a whole. (*Id.*) This finding is supported by substantial evidence.

Dr. Pendergrast completed his functional assessment questionnaire on August 22, 2007. (R. 419-420.) In that assessment, he opined that plaintiff could sit or stand/walk for less than two hours in an eight-hour workday, and in a competitive work situation, she could carry less than ten pounds on an occasional basis. (R. 419.) He further opined that plaintiff would not be able to sit for a prolonged period with her head in a fixed position, and she would not be able to do any work at the chest level or above. (*Id.*) Dr. Pendergrast believed that plaintiff's pain and other symptoms were often severe enough to interfere with her attention and concentration, and her impairments were likely to cause her to experience "good days" and "bad days." (R. 420.) Finally, he opined that plaintiff was likely to be absent from work as a result of her impairments or treatment more than four times a month. (*Id.*)

The record reveals that Dr. Wilson, plaintiff's treating neurosurgeon, performed a C4-5 and C5-6 anterior cervical diskectomy and fusion on March 29, 2006. (R. 283.) Just months following surgery, Dr. Wilson believed plaintiff was doing so well that he released her to "full

activities." (R. 429.) During oral argument, plaintiff's counsel acknowledged that if Dr. Wilson's findings were the only evidence in the case, plaintiff would not be entitled to benefits. Plaintiff's counsel further argued that Dr. Wilson's opinions were not controlling because plaintiff's cervical condition declined significantly after her treatment with him concluded.

The record reflects that plaintiff was seen by Dr. Wilson's physician's assistant on December 12, 2006. (R. 421-422.) At that time, medication was prescribed and plaintiff was referred her to physical therapy. Plaintiff was discharged from a second round of physical therapy on May 3, 2007. (R. 339-340.) The physical therapy discharge notes reflect that plaintiff was being self-discharged following eleven visits, with an "excellent" prognosis because physical therapy had been effective in relieving her pain. (*Id.*)

The last treatment note from Dr. Pendergrast is dated June 25, 2007. (R. 370.) There is no indication that Dr. Pendergrast was even aware of plaintiff's positive discharge from physical therapy. Moreover, there is no mention in these treatment records of plaintiff's cervical condition. In fact, plaintiff was seen by Dr. Pendergrast as the result of "working with some moldy hay." (R. 370.)

In all, there is a substantial basis in the record for the Commissioner's decision not to give controlling weight to the functional assessment provided by Dr. Pendergrast, namely the discharge summary provided by physical therapy, the reasons for plaintiff's later visit to Dr. Pendergrast and the absence of cervical complaints at that time.

Plaintiff next contends that the Law Judge erred by failing to obtain an updated medical expert opinion regarding medical equivalency as is required by Social Security Rule 96-6p. (Pl's Brief, pp. 11-13.) Plaintiff asserts that nearly one hundred pages of evidence were submitted

following both her hearing and the State agency record review. (Pl's Brief, pp. 12-13.) Plaintiff contends that this additional evidence corroborates her complaints of pain and her contention that she had a limited ability to lift, reach, sit or walk on a sustained basis. (*Id.*) The undersigned disagrees.

Social Security Ruling 96-6p requires the ALJ or Appeals Council to obtain an updated medical opinion on equivalence in two circumstances:

> * When no additional medical evidence is received [after the consultant's findings], but in the opinion of the administrative law judge or the Appeals Council the symptoms, signs, and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable; or
> * When additional medical evidence is received that in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments.

Soc. Sec. R. 96-6p, 1996 WL 374180, at *3-4.

For essentially the same reasons set forth above, the evidence in this case falls far short of compelling the Commissioner to take further medical expert evidence on the question of medical equivalence. The Commissioner committed no error in this regard.

Finally, plaintiff argues that the Law Judge erred by failing to pose a hypothetical question to the vocational expert ("VE") which accounted for all of her exertional and nonexertional limitations. (Pl's Brief, pp. 13-15.) Plaintiff asserts that when the VE was asked to assume that she was credible and that her allegations were supported by the evidence, he concluded that no jobs were available to such a person. (Pl's Brief, p. 15.) It is well-established that a VE's opinion is only relevant and helpful to the extent that it is responsive to hypothetical

questions which set forth all of the plaintiff's impairments. *Walker v. Bowen,* 889 F.2d 47, 50 (4th Cir. 1989).

Here, the Law Judge posed a hypothetical to the VE which incorporated her RFC finding. (R. 467-468.) The VE responded that this RFC precluded plaintiff from returning to her past relevant work, but that there were other jobs available to her. (R. 467.) Specifically, the VE opined that plaintiff would be able to perform work as a registered nurse working at a doctor's office or as an office nurse or clinic nurse. (R. 467-468.) The VE also opined that the unskilled jobs of general office clerk, cashier, and retail sales clerk were positions which were available to plaintiff. (R. 468.)

The Law Judge's RFC finding is supported by substantial evidence. For example, State agency record reviewing physician Thomas Phillips, M.D. concluded that plaintiff could perform light exertional work. (R. 312-318.) Moreover, neurosurgeon John A. Feldenzer, M.D. opined that she was "capable of gainful employment as a nurse perhaps without significant patient responsibility" (R. 255), and Dr. Wilson released her to "full activities" (R. 429). Also, as noted above, plaintiff left physical therapy with an excellent prognosis and her return visits to Dr. Pendergrast resulted from her working in hay. The Law Judge's RFC finding is supported by substantial evidence, and, consequently, her questions to the VE adequately set forth plaintiff's pertinent limitations.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

2-7-2011
Date