CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 3 1 2011

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WANDA MAE STILWELL, | Civil Action No. 7:10cv00088 |
| Plaintiff, | |
| | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration, | |
| | By: James C. Turk |
| Defendant. | Senior United States District Judge |

The plaintiff, Wanda Mae Stilwell ("Stilwell"), was denied disability insurance benefits by the Commissioner of Social Security (Commissioner). Stilwell appealed the decision to this Court, and the matter was referred to United States Magistrate Judge B. Waugh Crigler for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On February 7, 2011, the magistrate judge issued an opinion recommending that the Court affirm the Commissioner's decision denying benefits. On February 22, 2011, Stilwell filed her objections to the magistrate judge's recommendations. The Court heard oral arguments on April 28, 2011. For the following reasons, the magistrate judge's Report and Recommendation will be adopted in full.

I.

The magistrate judge concluded that substantial evidence supports the Commissioner's decision that Stilwell does not satisfy the Social Security Act's entitlement conditions for Disability Insurance Benefits. Stilwell objects to the magistrate judge's Report and Recommendation claiming that the ALJ's Residual Functional Capacity ("RFC") finding is not based on substantial evidence, and the RFC finding of plaintiff's treating physician is supported by the evidence. Specifically, Stilwell contends that the ALJ misconstrued and relied too heavily

1

on physical therapy records and her neurologist's records that show Stilwell began to improve after her spinal surgery. Plaintiff also alleges the ALJ erroneously relied on the state agency physician's opinion, which did not consider all of the relevant evidence, and that the ALJ's decision is not supported by substantial evidence.

## II.

The court reviews de novo the magistrate judge's Report and Recommendation. See 28 U.S.C. § 637(b)(1) (2000). The court must determine whether the Commissioner's findings are supported by substantial evidence and whether the correct legal standards were applied. See 42 U.S.C. § 405(g) (2000). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

As the presiding officer at the administrative hearing, the ALJ makes factual determinations and resolves evidentiary conflicts. Hines v. Bowman, 872 F.2d 56 (4th Cir. 1989). The court gives deference to the ALJ's factual determinations and reviews them only for clear error. Estep v. Richardson, 459 F.2d 1015, 1017 (4th Cir. 1972).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The "[d]etermination of eligibility for social security benefits involves a five-step inquiry." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). This inquiry asks whether the claimant (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his or her past relevant work; and if not, (5) whether he or she can perform other work. Heckler v.

Campbell, 461 U.S. 458, 460-462 (1983); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520).

If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, he does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Once the claimant has established a prima facie case for disability, the burden then shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform alternative work that exists in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4thCir. 1975).

## III.

After conducting a de novo review of the administrative record, the Court accepts the magistrate judge's Report and Recommendation and finds that the Commissioner's conclusion that Wright does not satisfy the Social Security Act's entitlement conditions is supported by substantial evidence. In making this finding, the court overrules Wright's objections to the Report and Recommendation. In making this finding, the Court has considered that some evidence shows that plaintiff's back problems and limitations worsened near the end of 2006 and in 2007 after they improved following surgery in 2006. (R. 374-77, 419-21.) Nevertheless, plaintiff has not presented sufficient evidence to contradict the substantial evidence that supports the ALJ's finding that she was not disabled under the Act before September 26, 2007. Plaintiff's objections will be addressed in turn.

A. Stilwell's Physical Therapy Records

Stilwell attended her last session of physical therapy on January 17, 2007. At that point, her records show that her "progress toward goals is excellent," and that "patient feels like

[physical therapy] has been effective for pain relief." (R. 339-42.) January 9, 2007, Stilwell's therapy records note that her "muscle guarding had decreased," but she reported her pain worsening. (R. 345.) While plaintiff's therapy records may be somewhat ambiguous and fail to provide a detailed assessment of every aspect of her health, they contain objective medical evidence that plaintiff's condition had significantly improved, showing that it is unlikely she presently had a medical impairment that could be expected to disable her from any significant gainful activity for a continuous period of 12 months.

B. Dr. Wilson's Statement

On July 11, 2006, Dr. Wilson, plaintiff's neurologist at Wake Forest, reported that she would "be released to full activities." (R. 429.) Plaintiff argues that subsequent medical records show that her condition deteriorated after this statement, so the ALJ should not have relied on it. Even though some evidence shows Stilwell's health worsened after Dr. Wilson made that statement, the statement is nevertheless relevant to determining whether Stilwell had a medical impairment that would disable her from working and would likely last over 12 months. The fact that plaintiff's neck pain was improving in 2006 makes it less likely that a sudden resurgence of that neck pain in 2007 was indicative of long-term disability lasting over 12 months.

An ALJ should consider all relevant evidence, and as explained below, the ALJ did consider other relevant evidence and substantial evidence supports her decision that Stilwell was not disabled under the Act at the time of the hearing.

C. ALJ's Reliance on the Opinion of the State Agency Physician

The ALJ's reliance on the opinion of the state agency physician is justified by substantial evidence. An ALJ must obtain an updated medical opinion when additional evidence is received that may change the state agency consultant's opinion regarding disability and RFC. The

additional evidence received after the state agency physician's opinion was rendered would not have changed his opinion. The state agency physician's exam was conducted on July 11, 2006. On July 21, 2006, Dr. Pendergrass, plaintiff's family physician, noted that she had neck and arm pain but also opinioned that plaintiff "seem(s) to be able to do desk work." (R. 377.) Plaintiff's next complaint of neck pain in Dr. Pendergrass's records does not occur until December 13, 2006. However, on January 17, 2007, plaintiff reported that physical therapy had been effective for pain relief. (R. 339-42.) Plaintiff reported worsened neck pain later in 2007 to Dr. Pendergrass.

Although plaintiff reported neck pain after the state agency physician examined her, the evidence submitted after July 11, 2006, would not have changed the state agency physician's opinion regarding disability and RFC. First, Dr. Pendergrass is not a neurologist or similar specialist, and the plaintiff submits no evidence from a specialist that her condition had so significantly deteriorated that she had become disabled under the Act. Second, the record shows that after July 11, 2006, plaintiff's pain became worse, then better, then worse again. A single period of worsening neck pain is not enough to establish that a claimant is totally disabled for a continuous period likely to last at least 12 months. Even though plaintiff's neck pain may have been severe at times, her neck pain had a history of abating with treatment of physical therapy after periods of increased pain. The medical records submitted after July 11, 2006, cannot be construed to show that plaintiff's periods of increased neck pain were likely to last at least 12 months.

D. Substantial Evidence Supports the ALJ's Determination

Substantial evidence supports the ALJ's decision that Stilwell was not disabled under the Act on or before September 26, 2007. First, the ALJ found that plaintiff's statements concerning

the intensity, persistence, and limiting effects of her symptoms to be "not entirely credible," and the determination of witness credibility is reserved for the ALJ. (R. 24.) Second, the ALJ properly relied on the state agency physician's opinion that the plaintiff had the RFC to perform light work. The state agency physician found that Stilwell had the ability to lift ten pounds occasionally and twenty pounds frequently, stand or walk six out of eight hours, and sit six out of eight hours. (R. 23.) Third, physical therapy records and medical records provide evidence that plaintiff's condition improved after her surgery. (R. 339-40, 421-22) Even though some evidence suggests that plaintiff's condition may have deteriorated after it improved, is it not enough to disprove the substantial evidence supporting the ALJ's decision, as explicated in the previous three sections. Finally, whether there is evidence to support the treating physician's RFC is not the correct standard of review when a disability determination is appealed to the District Court. Furthermore, as explained above, the weight of the entire record of evidence supports the ALJ's determination of RFC, not Dr. Pendergrass's RFC determination.

### IV.

After a de novo review of the record, the Court finds that the ALJ's decision was supported by substantial evidence and the ALJ applied the correct legal standards. Accordingly, the Court will adopt the magistrate judge's Report and Recommendation in full and overrule Stilwell's objections. An appropriate order shall this day issue.

The clerk is directed to send copies of this Memorandum Opinion and accompanying Order to all counsel or record.

ENTER: This _31st_ day of May, 2011.

_/s/ James C. Turk_
Senior United States District Judge